ALGER–RAU, Inc., v. UNITED STATES.

No. 47843.

Court of Claims.

Jan. 5, 1948.

Herbert G. Pillen, of Cleveland, Ohio (Bulkley, Butler & Pillen, of Cleveland, Ohio, on the brief), for plaintiff.

John R. Franklin, Jr., of Washington, D. C., and Peyton Ford, Asst. Atty Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

MADDEN, Judge.

The Government has demurred to the plaintiff's petition. We, therefore, summarize the allegations of the petition. The plaintiff on March 9, 1943, made a contract to construct for the United States a War Housing Project at Piqua, Ohio, for the fixed sum of $458,568. Article 17 of the contract required that the contractor's employees be paid wages not less than those stated in the contract. Article 11 of the contract required that time and one-half be paid for work in excess of eight hours on any one day or at any time during the interval from 5 p. m. Friday to 7 a. m. Monday. At the time of the making of the contract it was the custom in the community, and the plaintiff was aware of the custom, that no work of more than 40 hours per week per workman would be required on a public building project. The plaintiff worked its men only 40 hours per week until May 1943, when it was required by the defendant to work them for at least 48 hours per week.

On February 9, 1943, the President of the United States had issued Executive Order No. 9301, 29 U.S.C.A. § 207 note, which declared that, for the duration of the war, manpower would not be considered effectively utilized if the minimum workweek was less than 48 hours, and directed departments and agencies of the Government to require their contractors to comply with that minimum workweek and with policies, directive, and regulations prescribed in accordance with the Executive Order. The Chairman of the War Manpower Commission was empowered to issue policies, directives, and regulations to carry out the order and effectuate its purposes.

In accordance with War Manpower Regulations No. 3 of March 3, 1943, the Regional Manpower Director of Region V, by directive of April 2, 1943, designated the

area in which Piqua, Ohio was located as an area subject to the 48-hour workweek, effective May 1, 1943. The Government's Contracting Officer notified the plaintiff to comply with Executive Order 9301 and the War Manpower Commission orders. The plaintiff did so and its extra costs by reason of the time and one-half paid for work done in compliance with the Executive Order were, together with its insurance costs and 10% overhead, $17,120.44 for its own employees and $540.92 paid to the painting subcontractors.

The plaintiff protested its being required to increase its workweek, and requested reimbursement for its extra costs. Its claim was rejected.

 As we have said, the Government demurs to the petition. It relies upon our decision in Clemmer Construction Co., Inc., v. United States, 71 F.Supp. 917, 108 Ct.Cl. 718, decided June 2, 1947, in which we sustained a demurrer to a petition which claimed reimbursement for extra costs resulting from compliance with the same Executive Order which is involved in this case. We said that the Executive Order was an act of sovereignty, admittedly lawful, which no doubt had the consequence of increasing costs to many employers, engaged in both private and public work, and that the Government, as sovereign, is not disabled from enacting taxing or regulatory or other laws, otherwise valid, because obedience to those laws may increase the cost of performing Government contracts. We pointed out that the result of this doctrine is that all persons affected by the law, whether they happen to have contracts with the Government or not, bear the burden of the law equally.

The plaintiff's case is not esentially different from the Clemmer case, supra. One difference, which could hardly work to the plaintiff's advantage, is that Executive Order 9301 had been issued a month before the plaintiff entered into its contract so it should have considered at least the possibility of its application to the work contracted for.

 The plaintiff urges that the directive applying Executive Order to the Piqua, Ohio, area was issued by the Regional Manpower Director of Region V, and not by the Chairman of the War Manpower Commission. It argues that the latter official had, himself, only a delegated authority and hence he could not further delegate it, as he did in his Regulations. The Executive Order was inclusive in its grant of authority, the territory to be covered was the whole of the country and its economy. We have no doubt that the Executive Order contemplated extensive redelegation to accomplish its purpose.

 The plaintiff points out that the directive of the Regional War Manpower Director of Region V was promulgated April 2, 1943, but was not filed for publication in the Federal Register until May 9, 1944. See 49 Stat. 502, 44 U.S.C.A. § 307. The plaintiff's petition shows that the plaintiff had actual notice of the directive on May 7, 1943, which was before it was required to comply with the directive. But, the plaintiff urges, since constructive notice by publication was not given to other employers in the area until a year later, those other employers were free, in the meantime, to continue to work only a 40-hour week. Therefore, says the plaintiff, the directive was lacking in that generality of application which is required to bring it within the definition of an act of sovereignty, which, under the doctrine discussed in the Clemmer case, supra, the Government can impose without liability to its contractors.

We think that the plaintiff's argument is not valid. We see no reason to suppose that a directive so vital to employers, labor unions, and workmen as the one here involved would not have come to the notice of employers generally in the area, by direct notice, newspaper or trade organ publicity, or word of mouth. We think, therefore, that there is no essential difference between this case and the Clemmer case, supra, and that the Government's demurrer should be sustained, and the plaintiff's petition dismissed.

It is so orderd.